# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| BOBBY JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:22-cv-3257-DPR |
| CHALLENGE UNLIMITED, INC., | ) ) ) |
| Defendant. | ) ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Challenge Unlimited, Inc. ("Challenge Unlimited") provides the following answer and affirmative defenses to Plaintiff's Complaint.

## PARTIES, JURISDICTION, AND VENUE

1. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 1 and therefore denies the same.

2. Challenge Unlimited admits the allegations of paragraph 2.

3. Challenge Unlimited admits the allegations of paragraph 3.

4. Challenge Unlimited admits the allegations of paragraph 4.

5. Challenge Unlimited denies the allegations of paragraph 5.

6. Challenge Unlimited admits that Jones filed a Charge of Discrimination on or about August 1, 2019. The Charge of Discrimination speaks for itself. To the extent the remaining allegations are inconsistent with the Charge of Discrimination, Challenge Unlimited denies the same. Challenge Unlimited specifically denies that it discriminated against Plaintiff based on race and retaliation for reporting discrimination based on race.

7. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 7 and therefore denies the same.

8. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 8 and therefore denies the same.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Challenge Unlimited denies the allegations of paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Challenge Unlimited denies the allegations of paragraph 10.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, Challenge Unlimited denies the allegations of paragraph 11.

## **GENERAL FACTUAL ALLEGATIONS**

12. Challenge Unlimited admits the allegations of paragraph 12.

13. Challenge Unlimited admits the allegations of paragraph 13.

14. Challenge Unlimited admits the allegations of paragraph 14.

15. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 15 and therefore denies the same.

16. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 16 and therefore denies the same.

17. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 17 and therefore denies the same.

18. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 18 and therefore denies the same.

19. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 19 and therefore denies the same.

20. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 20 and therefore denies the same.

21. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 21 and therefore denies the same.

22. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 22 and therefore denies the same.

23. Challenge Unlimited denies the allegations of paragraph 23.

24. Challenge Unlimited denies the allegations of paragraph 24.

25. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 25 and therefore denies the same.

26. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 26 and therefore denies the same.

27. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 27 and therefore denies the same.

28. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 28 and therefore denies the same.

29. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 29 and therefore denies the same.

30. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 30 and therefore denies the same.

31. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 31 and therefore denies the same.

32. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 32 and therefore denies the same.

33. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 33 and therefore denies the same.

34. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 34 and therefore denies the same.

35. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 35 and therefore denies the same.

36. Challenge Unlimited is without sufficient information to admit or deny the allegations of paragraph 36 and therefore denies the same.

37. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 37 and therefore denies the same.

38. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 38 and therefore denies the same.

39. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 39 and therefore denies the same.

40. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 40 and therefore denies the same.

41. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 41 and therefore denies the same.

42. Challenge Unlimited denies the allegations of paragraph 42.

  a. Challenge Unlimited denies the allegations of paragraph 42(a).

  b. Challenge Unlimited denies the allegations of paragraph 42(b).

  c. Challenge Unlimited denies the allegations of paragraph 42(c).

  d. Challenge Unlimited denies the allegations of paragraph 42(d).

  e. Challenge Unlimited denies the allegations of paragraph 42(e).

  f. Challenge Unlimited denies the allegations of paragraph 42(f).

  g. Challenge Unlimited denies the allegations of paragraph 42(g).

43. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 43 and therefore denies the same.

44. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 44 and therefore denies the same.

45. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 45 and therefore denies the same.

46. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 46 and therefore denies the same.

47. Challenge Unlimited denies the allegations of paragraph 47.

48. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 48 and therefore denies the same.

49. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 49 and therefore denies the same.

50. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 50 and therefore denies the same.

51. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 51 and therefore denies the same.

52. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 52 and therefore denies the same.

53. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 53 and therefore denies the same.

54. Challenge Unlimited denies the allegations of paragraph 54.

55. Challenge Unlimited denies the allegations of paragraph 55.

56. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 56 and therefore denies the same.

57. Challenge Unlimited admits the allegations of paragraph 57.

58. Challenge Unlimited admits that Jones' employment file contained corrective action reports. Challenge Unlimited denies the remaining allegations of paragraph 58.

59. Challenge Unlimited denies the allegations of paragraph 59.

## COUNT I

60. Challenge Unlimited incorporates its answers to the preceding paragraphs as if fully set forth herein.

61. Paragraph 61 states a legal conclusion to which to response is required. To the extent a response is required, Challenge Unlimited denies the allegations of paragraph 61.

62. Challenge Unlimited denies the allegations of paragraph 62.

63. Challenge Unlimited admits the allegations of paragraph 63.

64. Challenge Unlimited denies the allegations of paragraph 64.

65. Challenge Unlimited denies the allegations of paragraph 65.

66. Challenge Unlimited denies the allegations of paragraph 66.

67. Challenge Unlimited denies the allegations of paragraph 67.

68. Challenge Unlimited denies the allegations of paragraph 68.

69. Challenge Unlimited denies the allegations of paragraph 69.

70. Challenge Unlimited denies the allegations of paragraph 70.

## COUNT II

71. Challenge Unlimited incorporates its answers to the preceding paragraphs as if fully set forth herein.

72. Challenge Unlimited denies the allegations of paragraph 72.

73. Challenge Unlimited denies the allegations of paragraph 73.

74. Challenge Unlimited denies the allegations of paragraph 74.

75. Challenge Unlimited denies the allegations of paragraph 75.

76. Challenge Unlimited denies the allegations of paragraph 76.

77. Challenge Unlimited denies the allegations of paragraph 77.

78. Challenge Unlimited denies the allegations of paragraph 78.

79. Challenge Unlimited denies the allegations of paragraph 79.

80. Challenge Unlimited denies the allegations of paragraph 80.

81. Challenge Unlimited denies the allegations of paragraph 81.

82. Challenge Unlimited denies the allegations of paragraph 82.

## COUNT III

83. Challenge Unlimited incorporates its answers to the preceding paragraphs as if fully set forth herein.

84. Challenge Unlimited denies the allegations of paragraph 84.

85. Challenge Unlimited denies the allegations of paragraph 85.

86. Challenge Unlimited denies the allegations of paragraph 86.

87. Challenge Unlimited denies the allegations of paragraph 87.

88. Challenge Unlimited denies the allegations of paragraph 88.

89. Challenge Unlimited denies the allegations of paragraph 89.

90. Challenge Unlimited denies the allegations of paragraph 90.

91. Challenge Unlimited denies the allegations of paragraph 91.

92. Challenge Unlimited denies the allegations of paragraph 92.

93. Challenge Unlimited denies the allegations of paragraph 93.

94. Challenge Unlimited denies the allegations of paragraph 94.

## **COUNT IV**

95. Challenge Unlimited incorporates its answers to the preceding paragraphs as if fully set forth herein.

96. Challenge Unlimited is without sufficient knowledge or information to admit or deny the allegations of paragraph 94 and therefore denies the same.

97. Challenge Unlimited admits the allegations of paragraph 97.

98. Challenge Unlimited denies the allegations of paragraph 98.

99. Challenge Unlimited denies the allegations of paragraph 99.

100. Challenge Unlimited denies the allegations of paragraph 100.

101. Challenge Unlimited denies the allegations of paragraph 101.

102. Challenge Unlimited denies the allegations of paragraph 102.

103. Challenge Unlimited denies the allegations of paragraph 103.

104. Paragraph 104 states a legal conclusion to which no response is required. To the extent a response is required, Challenge Unlimited denies the allegations of paragraph 104.

### DEMAND FOR JURY TRIAL

105. Paragraph 105 does not require a response. To the extent a response is required, Challenge Unlimited denies the allegations of paragraph 105.

Defendant Challenge Unlimited denies the allegations in the WHEREFORE Paragraph and specifically denies that Plaintiff is entitled to any relief whatsoever, whether in law or in equity.

### AFFIRMATIVE DEFENSES

In further answer and in defense of Plaintiff's Complaint, Defendant Challenge Unlimited states:

1. Plaintiff's Complaint as a whole, and each purported cause of action alleged, fails to state facts sufficient to constitute a cause of action against Challenge Unlimited upon which relief can be granted.

2. Plaintiff's claims are barred to the extent Plaintiff failed to exhaust his administrative remedies and/or satisfy all conditions precedent to filing this action.

3. Plaintiff's claims fail because Challenge Unlimited did not cause or contribute to any damages, loss, or injury allegedly sustained by Plaintiff.

4. Any cause of action based upon any alleged act of discrimination or retaliation is barred because Plaintiff did not file a charge of discrimination with the EEOC within 180 days of the alleged act of discrimination or retaliation.

5. Plaintiff's claims are barred because any injury to Plaintiff, the existence of which Challenge Unlimited specifically denies, was not proximately caused by Challenge Unlimited

and was caused by Plaintiff and/or by third parties over whom Challenge Unlimited had no control or who were acting outside the course and scope of their employment with Challenge Unlimited, and who were not acting in furtherance of Challenge Unlimited's business. Consequently, Challenge Unlimited is not liable for the alleged conduct.

6. Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate his claimed damages, the existence of which damages is specifically denied, including by reason that: (1) Plaintiff's claimed damages could have been avoided (i.e., suitable positions for which Plaintiff was qualified were available); and (2) Plaintiff failed to use reasonable diligence and care in seeking and/or accepting such a position and/or alternate income sources after his employment ended.

7. To the extent Plaintiff recovers any damages based on his claims, the existence of which Challenge Unlimited specifically denies, Challenge Unlimited is entitled to a set-off or credit for amounts Plaintiff earned or could have earned if he had mitigated his claimed damages.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

9. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, and/or unclean hands. Among other things, such claims are barred by these doctrines to the extent Plaintiff failed to complain of alleged discrimination and/or retaliation to the appropriate persons, particularly given his knowledge of Challenge Unlimited's policies and practices prohibiting discrimination, and despite Plaintiff's knowledge of Challenge Unlimited's policies and practices prohibiting discrimination, he failed to use available measures of which he was aware to complain about his belief he suffered discrimination; and Plaintiff engaged in conduct contrary to Challenge Unlimited's policies.

10. Challenge Unlimited acted in good faith and/or its conduct was in conformity with all applicable statutes, governmental regulations, and industry standards existing at the time of such conduct.

11. Any and all actions Challenge Unlimited took with respect to Plaintiff concerning his employment were for legitimate, non-discriminatory and non-retaliatory reasons; were taken for good cause and in the good faith exercise of Challenge Unlimited's reasonable business judgment; were not based on Plaintiff's race, alleged complaints, or any other alleged protected status; and were carried out or would have been carried out regardless of any alleged protected status.

12. To the extent the allegations contained in Plaintiff's Complaint in support of Counts I through IV are broader than, and not like or related to, the allegations set forth in the charge of discrimination filed by Plaintiff, those allegations are barred.

13. Challenge Unlimited is not liable for any alleged discrimination and/or retaliation, the existence of which Challenge Unlimited specifically denies, because Challenge Unlimited promulgated and disseminated appropriate company policies prohibiting discrimination and retaliation and had measures in place to prevent and/or correct discrimination and retaliation, but Plaintiff failed to avail himself of such measures.

14. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own comparative fault to the extent that Plaintiff failed to complain of alleged discrimination or retaliation, and/or provide Challenge Unlimited with an opportunity to take proper remedial action to end any alleged discrimination or retaliation.

15. Plaintiff's retaliation claims fail because he never opposed any practice prohibited by Title VII nor opposed any conduct that he reasonably and in good faith believed to be prohibited by Title VII.

16. Plaintiff's claims for compensation are barred in whole or in part because any obligation of Challenge Unlimited to pay compensation, whether contractual or otherwise, which Plaintiff claims is owed, has been fully performed, satisfied, or discharged because, among other things, Challenge Unlimited has had at all times compliant policies and/or practices in place regarding payment of wages during employment and upon termination of employment.

17. Plaintiff is not entitled to recover any punitive damages on his claims because Plaintiff has not and cannot set forth facts sufficient to support a claim for punitive damages. Challenge Unlimited did not take any action motivated by malice or evil motive or intent, nor was Challenge Unlimited indifferent to Plaintiff's protected rights. Moreover, any employee and/or agent of Challenge Unlimited who engaged in unlawful conduct with respect to Plaintiff, the existence of which conduct is specifically denied, lacked sufficient authority to subject Challenge Unlimited to punitive damages.

18. Challenge Unlimited states that the standard used to determine the amount of punitive damage, if any, is vague and overly arbitrary, and, as such, supplies no notice of potential repercussions of the alleged misconduct, thereby denying Challenge Unlimited due process under the fifth and fourteenth amendments to the United States Constitution.

19. Challenge Unlimited states that the standard used to determine the amounts of damages such as emotional distress, if any, is vague and overly arbitrary, and, as such, supplies no notice of potential repercussions of the alleged misconduct, thereby denying Challenge Unlimited due process under the fifth and fourteenth amendments to the United States Constitution.

20. Challenge Unlimited also asserts that any request for arbitrary emotional distress damages and/or subsequent imposition of such damages violates its rights under the fifth, sixth, eighth and fourteenth amendments of the United States Constitution.

21. Challenge Unlimited is currently without knowledge and information sufficient to form a belief as to whether it may have additional, as yet unstated, defenses available. Challenge Unlimited reserves the right to assert additional defenses, including affirmative defenses, if appropriate.

WHEREFORE, having fully answered, Defendant Challenge Unlimited, Inc. requests the Court to dismiss Plaintiff's claims with prejudice; award Challenge Unlimited its reasonable attorneys' fees and costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

**HUSCH BLACKWELL LLP**

By: /s/ *Lauren H. Haskins*
Bryan O. Wade, Mo. Bar No. 41939
Lauren H. Haskins, Mo. Bar No. 72837
3810 E. Sunshine St., Suite 300
Springfield, MO 65809
Office: (417) 268-4000
Fax No: (417) 268-4040
Bryan.wade@huschblackwell.com
lauren.haskins@huschblackwell.com
***Attorneys for Defendant Challenge Unlimited, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 31st day of October, 2022, by the court's electronic notification system to all attorneys of record.

By: /s/ *Lauren H. Haskins*